IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02503-GPG

CLINTON T. ELDRIDGE,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Clinton T. Eldridge, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, Florence ADMAX, in Florence, Colorado. Mr. Eldridge has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) ("the Application") asserting one claim entitled "Credit for Time Served at Resentencing." (*Id.,* at 4).

    On December 30, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Eldridge to show cause why this action should not be dismissed for lack of jurisdiction. (*See* ECF No. 9). Specifically, Magistrate Judge Gallagher explained that as a District of Columbia Code offender, Mr. Eldridge cannot pursue in this Court a federal habeas corpus claim challenging the validity of the prison sentence he is serving unless he demonstrates that the local remedy (*i.e.,* filing a motion to vacate, set aside, or correct sentence pursuant to D.C. Code § 23-110 in the Superior Court of the District of Columbia) is inadequate and ineffective to test the legality of his detention. (*Id.,* at 2-3). Mr. Eldridge filed his Response (ECF No. 13) on January 14, 2016.

The Court must construe the papers filed by Mr. Eldridge liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for lack of jurisdiction.

## I. Background

### A. Conviction and Sentence

In May 1984, Mr. Eldridge pleaded guilty in the District of Columbia Superior Court (the "Superior Court") to nine counts of various violent felony charges, and was sentenced on July 19, 1984 to consecutive prison terms totaling 40 to 120 years.  (*See* ECF No. 1, at 2-3, 9-21, *Eldridge v. Berkebile,* 791 F.3d 1239, 1241 (10th Cir. 2015)).  The District of Columbia Court of Appeals sustained Mr. Eldridge's convictions on eight counts, vacated his conviction on Count 20, a first-degree burglary charge, and remanded for resentencing.  (*Id.*).  On July 20, 1993, the Superior Court resentenced Mr. Eldridge on the remaining eight counts to the same aggregate, consecutive prison term of 40 to 120 years by increasing the sentence on Count 24 (a rape charge) from 10 to 30 years to 15 to 45 years.  (*Id.*).

### B. Prior Challenges to His Sentence

In 2004, Mr. Eldridge challenged the validity of his sentence by filing in the Superior Court a "Motion to Vacate, Set, Aside or Vacate Sentences and/or Issue a New Judgment and Commitment Order to Credit Time Served on Completed Sentences." (*See* ECF No. 13, at 14-16, *United States of America v. Eldridge,* Criminal

Number F-6638-83 (D.C. Superior Court Aug. 4, 2006)).  In the motion, Mr. Eldridge asserted that "approximately nine year of time he served between his first sentencing, on July 19, 1984, and his resentencing pursuant to the Court of Appeals' remand to the trial court, on July 20, 1993, has never been credited to his new sentence."  (*Id.,* at 15).  The Superior Court denied the motion on August 4, 2006, finding that Mr. Eldridge's "sentence was not in violation of the controlling law or procedure and the circumstances of the Defendant do not warrant vacating his sentence."  (*Id.,* at 15-16).  The Superior Court further found that "it is clear that the time the Defendant served from July 19, 1984 to July 20, 1993, has been credited to his current sentence."  (*Id.*).

In 2007, Mr. Eldridge filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia, which was transferred to the United States District Court for the District of Colorado because he was incarcerated at the United States Penitentiary in Florence, Colorado.  (*See* ECF No. 13, at 17).  On August 22, 2007, Senior Judge Zita L. Weinshienk dismissed the habeas corpus proceeding for lack of subject matter jurisdiction because Mr. Eldridge was attacking his 1984 conviction from the Superior Court, and finding that the District of Columbia erroneously transferred the action to the District of Colorado, assuming that he was attacking the execution of his sentence under § 2241, which he was not.  (*See* ECF No. 12 in *Eldridge v. Wiley,* No. 07-cv-01452-ZLW (D. Colo. July 11, 2007)).

In 2012, Mr. Eldridge filed in the District of Colorado a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that the BOP had not credited against his sentence any of the time he served between July 19, 1984 (the date of his

original sentencing) and July 20, 1993 (the date of his resentencing).  Senior Judge Lewis T. Babcock dismissed the action for failure to exhaust administrative remedies, and the Tenth Circuit affirmed.  *See Eldridge,* 791 F.3d at 1242.

In 2014, Mr. Eldridge filed in the District of Colorado a third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing that the BOP had improperly failed to credit his sentence the time he served between the original sentencing in 1984 and resentencing in 1993.  Senior Judge Lewis T. Babcock again dismissed the action because he still had not yet exhausted all administrative remedies, and the Tenth Circuit affirmed.  *See Eldridge,* 791 F.3d, at 1242-43.

On August 21, 2014, Mr. Eldridge filed in the District of Colorado a fourth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 again arguing that the BOP had failed to credit his sentence for the time served between 1984 and 1993, and that the Superior Court had violated his due process rights by resentencing him to a longer prison term on Count 24 in order to achieve the same 40-to-120 year sentence.  District Judge Raymond P. Moore denied relief, finding that the BOP properly credited all time after 1984, and that his 40-to-120 year sentence did not violate either the Due Process or Double Jeopardy Clauses.  *See Eldridge,* 791 F.3d, at 1243.  The Tenth Circuit affirmed in a published opinion on June 30, 2015.  *Id.,* at 1244-46.

On November 13, 2015, Mr. Eldridge filed in this Court his fifth Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting that the Superior Court "failed to award credit for time served" on the "void sentence, count 20 (5 to 15 yrs)" when he was resentenced.  (ECF No. 1, at 4).  As relief he asks the Court "to award

credit for time served towards his new conviction after reversal of count 20, that was used to increased [sic] the sentence on a valid count 24. The time that was served on count 20 should be deducted from the new sentence." (*Id.,* at 7).

It is clear to the Court that the sole claim in the instant Application does not attack "the execution of a sentence" under § 2241 but rather attacks the validity of the sentence itself based on an alleged mistake at resentencing. *See e.g., Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("Where the alleged errors occurred at or prior to sentencing, the appropriate remedy is § 2254 and not § 2241); *see also Johnson v. Taylor,* 347 F.2d 365, 366 (10th Cir. 1965) ("The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."). It is well-established that a collateral challenge to a D.C. offender's sentence is to be brought pursuant to D.C. Code § 23-110 and filed in the Superior Court of the District of Columbia. *See Swain v. Pressley,* 430 U.S. 372, 375 (1977). Specifically,

> [u]nder District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack." D.C. Code § 23–110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "**shall not be entertained by . . . any Federal . . . court** if it appears that the . . . Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C.Code § 23–110(g); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.1986) (per curiam) ("[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention.") (internal quotation marks and citation omitted).

*Hatch v. Jett*, 847 F. Supp.2d 88, 92 (D.D.C. 2012); *see also Swain,* 430 U.S. at 377-78 (1977) (finding that § 23-110 divests federal courts of jurisdiction over such claims absent a showing that § 23-110 is inadequate or ineffective).

In his Application and Response, Mr. Eldridge implicitly recognizes that he is attacking the validity of his sentence because he repeatedly argues that the trial court or sentencing court committed an error in imposing the same aggregate prison term of 40-to-120 years at resentencing in 1993. Moreover, Mr. Eldridge concedes that his claim in the instant action is like the claim he raised in his § 23-110 motion filed in the Superior Court. (ECF No. 13, at 5). Therefore, Mr. Eldridge's claim must be raised in the in Superior Court of the District of Columbia in a motion to vacate, set aside, or correct his sentence pursuant to D.C. Code § 23-110 unless that remedy is inadequate or ineffective.

Section 23-110(g) is clear in its requirement that Mr. Eldridge demonstrate the local remedy is inadequate or ineffective. D.C. Code § 23-110(g). Mr. Eldridge argues in his Response that the remedy available in the Superior Court is inadequate or ineffective because it previously denied his claim. (*See* ECF No. 13, at 8). Specifically, he contends that "any mistake the court made at resentencing when it failed to give petitioner credit for time served, and that petitioner gave the court an opportunity to correct the error, it failed to do so." (*Id.,* at 11). This argument lacks merit. Indeed § 23-110(g) expressly provides that a federal habeas corpus petition "shall not be entertained by . . . any Federal . . . court if it appears that . . . the Superior Court has denied him relief . . . " D.C. Code § 23-110(g). The fact that the relief sought in the

Superior Court was denied does not demonstrate that the local remedy is adequate or ineffective to test the legality of Mr. Eldridge's detention. *See Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995).

> The determination of whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review: 28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive. A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them. 'It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative.'

*Garris,* 794 F.2d at 727; *see also David v. Briggs,* 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991) ("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.").

Nothing in the record supports a conclusion that Mr. Eldridge was in any way prevented from raising and seeking relief on the issue set forth in the instant Application. Indeed, Mr. Eldridge has had at least one review of his sentence by the Superior Court of the District of Columbia, and he was denied. The mere fact that his requested relief has been denied does not indicate that the § 23-110 remedy is inadequate or ineffective. Therefore, since § 23-110 is not an inadequate or ineffective remedy to challenge the sentence of 40-to-120 years reimposed by the Superior Court in 1993, the § 2241 Application filed in this Court will be dismissed for lack of jurisdiction. *See Swain,* 430 U.S. at 381.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 10) is denied as moot because Applicant was granted leave to proceed in forma pauperis on December 23, 2015.

DATED at Denver, Colorado, this  2nd  day of   March         , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court